[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13592
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00089-SCJ-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON VARGAS-LOZANO,
a.k.a. Basurto Adolfo Lozano,
a.k.a. Ramon Abarca,
a.k.a. Jose Esquivel,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 9, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Ramon Vargas-Lozano appeals his 83-month sentence for illegal reentry of an alien deported after an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Vargas-Lozano argues that the district court's imposition of a 12-month upward variance was substantively unreasonable. After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[1] The party challenging the sentence has the burden to show that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.[2] United States v. Talley, 626 F.3d 566, 573 (11th Cir. 2010).

---

[1] Vargas-Lozano does not contend that his sentence is procedurally unreasonable or point to any procedural error at his sentencing.

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Although in choosing the sentence, the district court must consider the § 3553(a) factors, the district court in not required to address each factor separately. United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006). Rather, an acknowledgment that the district court has considered the defendant's arguments and the factors generally will suffice. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Moreover, the weight to be given to each § 3553(a) factor is "a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted).

If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597). In reviewing the reasonableness of a sentence outside the advisory guidelines range, we take into account the district court's justification and the extent of the variance, but we do not require extraordinary circumstances to justify such a sentence or presume that such a sentence is unreasonable. Gall, 552 U.S. at 47, 128 S. Ct. at 594-95; United States v. Irey, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (en banc). We must give "'due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance.'" Irey, 612 F.3d at 1187 (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597). We will vacate such

3

a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation marks omitted)

Here, Vargas-Lozano has not shown that his 83-month sentence is substantively unreasonable. Vargas-Lozano's sentence is just 12 months above the advisory guidelines range of 57 to 71 months' imprisonment and well below the applicable statutory maximum twenty-year sentence. And, the district court had a reasoned basis for imposing the 12-month upward variance, namely that Vargas-Lozano's history showed he was a repeat offender who was already undeterred by a 71-month sentence.

Specifically, Vargas-Lozano was convicted in Georgia state court of trafficking in more than 28 grams of methamphetamine, which is considered an aggravated felony under 8 U.S.C. § 1326. As a result, Vargas-Lozano was deported to Mexico on March 4, 2005. Within two months, Vargas-Lozano was back in Georgia, and, on February 25, 2006, Vargas-Lozano was found in possession of methamphetamine and arrested. This time, Vargas-Lozano was convicted in district court of illegal reentry following an aggravated felony,

pursuant to U.S.C. § 1326(a) and (b)(2).  After serving a 71-month sentence, Vargas-Lozano was deported on June 16, 2011.

About a year later, on June 26, 2012, Vargas-Lozano illegally reentered the United States.  On January 13, 2013, Vargas-Lozano again was arrested in Georgia for methamphetamine possession, which led to this second § 1326 illegal reentry conviction.

In deciding to impose the 12-month upward variance, the district court stated that it had considered the § 3553(a) factors and cited in particular the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence. The district court stressed that Vargas-Lozano's 71-month sentence for his prior § 1326 conviction had failed to deter him.  The district court declined Vargas-Lozano's request for a downward variance because the court did not "think the point [was] getting across."  Instead, a 12-month upward variance was warranted given that Vargas-Lozano "continue[d] to show no respect for the law" and his "record was very bad."

We cannot say the district court abused its discretion in imposing a 12-month upward variance.  Each time Vargas-Lozano was deported, he returned to the United States within a year, and each time, he was discovered by law enforcement in possession of methamphetamine, a criminal offense.  More importantly, Vargas-Lozano was back in the United States committing another

drug offense within one year of his last deportation despite having just served a 71-month prison sentence. Clearly, the 71-month sentence did not have the desired deterrent effect. Under the circumstances, the district court's stated concerns over Vargas-Lozano's recidivism and criminal history in the United States were sufficiently compelling to support the 12-month upward variance, and we cannot say that the 83-month sentence was substantively unreasonable.

The record belies Vargas-Lozano's claim that the district court failed to consider his personal history, including his methamphetamine addiction and lack of family ties in the United States that would induce him to return. The district court heard and considered these mitigation arguments and concluded that they were insufficient to warrant a guidelines sentence in light of Vargas-Lozano's criminal history and risk of recidivism. The district court was not required to address each of Vargas-Lozano's mitigation arguments explicitly. See Scott, 426 F.3d at 1329. Vargas-Lozano essentially asks us to second guess the weight the district court gave each of the § 3553(a) factors, which we do not do when, as here, "the sentence ultimately imposed is reasonable in light of the circumstances presented." See United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation marks and emphasis omitted).

There is also no merit to Vargas-Lozano's argument that his 83-month sentence is substantively unreasonable because he already was "severely punished"

6

by a 16-level increase in his offense level pursuant to U.S.S.G. § 2L1.2. <u>See</u>

U.S.S.G. § 2L1.2(b)(1)(A)(i) (providing for a 16-level increase if the defendant

had previously been deported after being convicted of a felony drug trafficking

offense for which the prison sentence exceed 13 months).  A district court may

consider conduct already used to calculate the guidelines range in deciding whether

to impose a variance.  <u>See</u> <u>United States v. Amedeo</u>, 487 F.3d 823, 833-34 (11th

Cir. 2007).  Furthermore, our reasonableness review applies only to the

defendant's ultimate sentence, not to "each individual decision made during the

sentencing process."  <u>United States v. Winnegear</u>, 422 F.3d 1241, 1245 (11th Cir.

2005).  Vargas-Lozano did not challenge the district court's application of the

§ 2L1.2(b)(1)(A)(i) 16-level increase in the district court, and does not raise this

guidelines calculation issue in this Court.

Finally, Vargas-Lozano points to two other illegal reentry defendants whom

he claims had "much more troublesome" criminal and immigration histories, but

did not receive upward variances.  This information does not demonstrate an

unwarranted sentence disparity.  Vargas-Lozano received an upward variance

because he had already shown that a 71-month sentence, at the top of the advisory

guidelines range, was insufficient to deter him from illegally reentering the country

and committing further drug crimes here.  Vargas-Lozano did not contend that the

other illegal reentry defendants had such a record.  <u>See</u> <u>United States v. Spoerke</u>,

568 F.3d 1236, 1252 (11th Cir. 2009) (explaining that to be unwarranted, the disparity must be between similarly situated defendants with similar records).

Notably, one of the defendants received a 96-month sentence, longer than Vargas-Lozano's sentence, and the other defendant received a 46-month sentence, shorter than Vargas-Lozano's sentence. However, both defendants' sentences were at the top of their respective advisory guidelines ranges, suggesting that neither defendant was sufficiently similar to Vargas-Lozano to be comparing apples to apples. See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) ("A well-founded claim of disparity . . . assumes that apples are being compare to apples." (quotation marks omitted)). In any event, the fact that these two illegal reentry defendants did not receive a 12-month upward variance does not establish that Vargas-Lozano's 12-month upward variance took his sentence "outside the range of reasonable sentences dictated by the facts of [Vargas-Lozano's] case." See Shaw, 560 F.3d at 1238 (quotation marks omitted).

For all these reasons, Vargas-Lozano has not shown that his 83-month sentence is substantively unreasonable.

**AFFIRMED.**

8